# People's Ice Company *v.* People's National Bank.

*Action upon Promissory Note.*

1. *Promissory note; when demand for trial by jury waived, and judgment by default proper without writ of inquiry.*—Where in a suit on a promissory note, after the defendant files pleas accompanied by a demand for a trial by jury, the parties enter into an agreement, wherein it is stipulated that if the amount sued for is not paid within a stipulated time, judgment by default can be rendered for the full amount of the claim with interest, a judgment by default, after the lapse of the stipulated time, ascertaining the debt and damages without a jury, is proper and not subject to objection; said agreement, in effect, withdrawing the pleas, and putting the case on the same footing as if they had never been filed and no demand for a jury had ever been made.

2. *Same; judgment under agreement.*—In an action upon a promissory note, where there is an agreement that after the lapse of a specified time there should be a. judgment for plaintiff "by default for full amount of the claim sued on and interest to date of judgment and cost of suit," a judgment for more than the amount of the note with interest to date of judgment and the costs of the suit, is erroneous.

APPEAL from the City Court of Birmingham.

Tried before the Hon. W. W. WILKERSON.

The appellee, the Peoples National Bank of Waynesboro, Pa., brought this action against the Peoples Ice

[People's Ice Company v. People's National Bank.]

Company and counted upon a promissory note executed by the defendant and which was alleged to have been the property of the plaintiff.

The defendant filed the plea of the general issue and a special plea which set up a want of consideration. Acompanying this plea was a demand for a trial by jury. Subsequent to the filing of these pleas there was an agreement entered into between the parties, on March 18, 1901, which was in words and figures as follows: "In this cause it is agreed that the case shall not be called for trial during the present week, but shall be passed; and in the event that amount sued for, including interest and costs of suit, be not paid within ten (10) days from this date, then the plaintiff shall have judgment by default, for the full amount of the claim sued on and interest to date of judgment, and costs of suit."

On April 8, 1901, there was a judgment by default rendered in favor of the plaintiff, assessing the amount of plaintiff's recovery at $1,119.43. From this judgment the defendant appeals, and assigns the rendition thereof as error.

LANE & WHITE, for appellant, cited *Freeman v. Bridges,* 123 Ala. 287.

W. E. FORT and WALKER, PORTER & WALKER, *contra.* Appellant waived his demand for jury trial by the agreement and by offering no objection in the court below. Said judgment was in the nature of a judgment by confession, which waives all errors.—*Blankenship v. Parsons,* 113 Ala. 275; *Burke v. State,* 74 Ala. 399.

McCLELLAN, C. J.—Though the defendant on filing its pleas demanded a jury for the trial of the cause, yet when afterwards it in effect withdrew its pleas and entered into an agreement that judgment after the lapse of a specified time should be entered for plaintiff "by default for the full amount of the claim sued on and interest to date of judgment, and costs of suit," the claim sued on being a promissory note executed by the defendant, it was not entitled to a jury to assess plain-

tiff's damages. The agreement for a judgment *by default* put the case in court on the same footing as if the defendant had never appeared at all to file pleas or to demand a jury, and there being no occasion for a writ of inquiry the court was authorized to proceed to judgment ascertaining the debt and damages without a jury.

The agreement was, however, as we have seen, for judgment for the amount of the claim sued on and interest to date of its rendition. The claim sued on was a promissory note for one thousand dollars, and this sum with the interest thereon and costs of protest was claimed in the complaint. The city court entered judgment on April 8, 1901, for $1,119.43. The note was due May 18, 1900. The interest for the period is $71.33. The protest fees amount to three dollars. It is not a case for the allowance of special damages. So that the judgment for $1,119.43 was excessive and erroneous. It should have been for $1,074.33. It will be here corrected so as to stand for the latter sum, and as corrected will be affirmed.